UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

YOUNG, D.J. /as modified/
So ordered as the case management scheduling order.
Discovery due Nov 30, 2005
Dispositive Motions due Jan 13, 2006

*/s/ William G. Young*
U.S. District Judge

Feb 10, 2005

| | |
|---|---|
| BARBARA CONNICK<br><br>Plaintiff<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY<br>   Defendant | CIVIL ACTION NO.<br><br>04-12208-WGY |

## JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1

Now come the parties in the captioned action and, pursuant to FRCP 16(b), Local Rule 16.1, and the Notice of Scheduling Conference the parties respectfully submit the following Joint Statement.

I.   **SUMMARY OF POSITIONS**

   A. <u>Plaintiff's Position</u>

This action is brought by Barbara Connick against Continental Casualty Company, her former employer. Barbara Connick alleges that Continental Casualty Company discriminated against her in violation Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e, et seq. because the defendant fostered a work environment that allowed her to be harassed based on her race (Caucasian). Defendant further violated the statute by failing to conduct an appropriate investigation into her several complaints of harassment based on her race and failed to take appropriate action to remedy the unlawful racial harassment. Ms. Connick

1

seeks compensation for the grave harm she suffered and continues to suffer as a result of the actions and omissions of the defendant and seeks equitable and injunctive relief.

Plaintiff avers that the Defendant is liable, under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. She seeks to be made whole for any economic damages, including lost wages and related damages; compensatory and punitive damages as available under the pertinent statutes; reinstatement; as well attorney's fees and costs.

B.    Defendant's Position

The findings of the Investigator at the Massachusetts Commission Against Discrimination should stand. Plaintiff is rehashing matters investigated and rejected by that Agency. Plaintiff's complaint of racial harassment lacks the evidence necessary to violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

As the Commission concluded, there is no evidence indicating that the Plaintiff was harassed based on her race or for any other reason protected by law. Plaintiff was not subjected to unwelcome, race-based conduct that was sufficiently severe and pervasive to cause her work environment to become hostile, intimidating or humiliating to an objectively reasonable person.

Moreover, assuming, *arguendo*, that the conduct was deemed sufficiently severe and pervasive, Plaintiff admits that the first time she advised Defendant of the alleged race-based harassment was September 16, the very same day the Defendant undertook to investigate and remedy any misconduct. Defendant thus

2

took prompt and adequate remedial measures once it was alerted to the conduct Plaintiff perceived to be race-based harassment. September 16 was the only instance that Plaintiff complained to the Defendant despite meeting with supervisory members on other occasions.

For the foregoing reasons, there is no evidence upon which to substantiate Plaintiff's allegations of harassment. Therefore, the action must be dismissed.

## II. PROPOSED PRE-TRIAL SCHEDULE

| | |
|---|---|
| May 27, 2005 | Designation of Plaintiff's trial experts and disclosure of information contemplated by Fed. R. Civ. P. 26. |
| August 2, 2005 | Designation of Defendant's trial experts and disclosure of information contemplated by Fed. R. Civ. P. 26. |
| November 30, 2005 | Deadline for completion of all fact-related discovery. |

## III. PROPOSED SCHEDULE FOR FILING MOTIONS

January 13, 2006    Deadline for filing dispositive motions with responses to be filed within ~~twenty-one (21)~~ 14 calendar days thereafter.

*/s/ WAY*

## IV. POSSIBLE TRIAL BY MAGISTRATE JUDGE

The parties do not consent to trial of this action by a magistrate judge.

3

## V. CERTIFICATIONS OF COUNSEL AND THE PARTIES

The required certifications from counsel and the parties that they have conferred with respect to budgetary concerns and possible resolution through ADR programs will be submitted under separate cover by respective counsel for each party.

**CONTINENTAL CASUALTY COMPANY**
By Its Attorney,

*(signature)*
Jeffrey S. Goldman
Sonnenschein, Nath & Rosenthal LLP
233 South Wacker Drive
Chicago, IL 60606
(312) 876-8955

Dated: February 2, 2005

**BARBARA CONNICK**
By Her Attorney,

*(signature)*
Howard I. Wilgoren BBO # 527840
179 Union Avenue
Framingham, MA 01702
(508) 626 – 8600

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of Feb, 2005, I served a copy of the foregoing JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1 and CONTINENTAL CASUALTY COMPANY'S CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3) by delivery in hand upon the following:

Howard I. Wilgoren, Esq.
179 Union Avenue
Framingham, MA 01702

_____
Jean M. Kelley