**EXHIBIT 3**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*

**BARBARA CONNICK**                    \*
                                       \*
           **Plaintiff**               \*
                                       \*
**v.**                                 \*            **CIVIL ACTION NO.**
                                       \*
                                       \*            **04-12208-WGY**
**CONTINENTAL CASUALTY**               \*
**COMPANY**                            \*
                                       \*
           **Defendant**               \*
                                       \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*

### PLAINTIFF' BARBARA CONNICK' RESPONSE
### TO DEFENDANTS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Barbara Connick ("Connick") hereby responds to the First Request for Production of Documents of Defendant, Optos, Inc., as follows. Inspection and copying, or production as the case may be, will be in such a manner and at such time and place as the parties agree.

<u>GENERAL OBJECTIONS</u>

1.    Connick objects to Defendant's requests to the extent that they seek production o documents protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity. Should any such production occur, it is inadvertent and shall not constitute a waiver of any privilege, immunity, or any other ground for objecting to discovery with respect to such documents or any other documents, or parts thereof, or Bittner's right to object to the same during this proceeding or during any subsequent litigation.

2.    Connick objects to Defendant's requests to the extent that they seek to impose obligations beyond those contained in rules and regulations governing this proceeding.

3.    Connick objects to producing any documents that contain confidential or proprietary information, unless the parties agree to and execute a mutually agreeable confidentiality stipulation and protective order, which is approved by the court.

4. These general objections are incorporated by reference into each and every objection and response below. Failure to allege a particular general objection (or the fact that a particular general objection is alleged) in a specific objection or response does not constitute a waiver of the remaining general objections. Should Defendant's counsel not understand or agree with these general objections or which general objections apply to a specific request, counsel should confer for clarification.

SPECIFIC OBJECTIONS. AND RESPONSES

RESPONSE NO. 1:

OBJECTION:  The request is vague and overbroad. However, without waiving said objection see all documents attached hereto. Also see the transcripts of the depositions of Barbara Connick, Abbi Laushine and Charles Edwards.

2

**RESPONSE NO. 2:**

See documents attached hereto as Exhibit 1. Also see the transcripts of the depositions of Barbara Connick, Abbi Laushine and Charles Edwards.

**RESPONSE NO. 3:**

See documents attached hereto as Exhibit 1. Also see the transcripts of the depositions of Barbara Connick, Abbi Laushine and Charles Edwards.

**RESPONSE NO. 4:**

See documents attached hereto as Exhibit 1. Also see the transcripts of the depositions of Barbara Connick, Abbi Laushine and Charles Edwards

**RESPONSE NO. 5:**

See documents attached hereto as Exhibit 1. Also see the transcripts of the depositions of Barbara Connick, Abbi Laushine and Charles Edwards

**RESPONSE NO. 6:**

See documents attached hereto as Exhibit 1. Also see the transcripts of the depositions of Barbara Connick, Abbi Laushine and Charles Edwards

**RESPONSE NO. 7:**

See documents attached hereto as Exhibit 1. Also see the transcripts of the depositions of Barbara Connick, Abbi Laushine and Charles Edwards

**RESPONSE NO. 8:**

None.

**RESPONSE NO. 9:**

None.

**RESPONSE NO. 10:**

**None.**

**RESPONSE NO. 11:**

See Abbi G. Laushine E Mail entitled "Huddle Wednesday November 17[th]" attached to Exhibit 1 and documents from the Quincy Police Department attached to Exhibit 1.

**RESPONSE NO. 12:**

See documents attached hereto as Exhibit 1, and 2. Also see the transcripts of the depositions of Barbara Connick, Abbi Laushine and Charles Edwards

**RESPONSE NO. 13:**

Complainant objects to the Request as it seeks documents that are not relevant to the instant matter. Without waiving said objection, attached hereto as Exhibit 2 are various records from doctor's who have treated Ms. Connick for emotional and physical injuries arising from Respondent's discriminatory conduct. Also see the transcripts of the depositions of Barbara Connick,

**RESPONSE NO. 14:**

See documents attached hereto as Exhibit 3. See also Position Statement filed with the MCAD.

**RESPONSE NO. 15:**

None.

4

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by Federal Express on August 1, 2005.

HOWARD I WILGOREN

**EXHIBIT 4**



**SONNENSCHEIN NATH & ROSENTHAL LLP**

8000 Sears Tower
233 South Wacker Drive
Chicago, IL 60606
312.876.8000
312.876.7934 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, N.J.*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

**Catherine Nasser**
312-876-7528
cnasser@sonnenschein.com

May 24, 2005

<u>VIA FEDERAL EXPRESS</u>

Mr. Howard I. Wilgoren
Law Office of Howard I. Wilgoren
6 Beacon Street, Suite 700
Boston, MA 02108

     Re:   Barbara Connick v. Continental Casualty Company

Dear Mr. Wilgoren:

     Enclosed please find the following documents in connection with the above-reference matter:

1.    Defendant's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1).

2.    Defendant's First Set of Interrogatories to Plaintiff.

3.    Defendant's First Request for Production of Documents.

4.    Medical releases to be signed by Ms. Connick and returned to undersigned counsel by June 3, 2005.

     Sincerely,

     Catherine S. Nasser

Enclosures

cc:    J. Goldman
       D. Gruen

**AUTHORIZATION TO USE OR DISCLOSE PROTECTED HEALTH INFORMATION
PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA)**

1.   I hereby authorize

        Name of hospital/physician
        Dr. Robert Sipcener
        500 Congress Street
        Quincy, MA 02169

(1) to use or disclose the following protected health information from the medical records of the patient listed below, and (2) to answer at a deposition or trial any questions pertaining to such information. I understand that information used or disclosed pursuant to this authorization could be subject to re-disclosure by the recipient(s) and, if so, may not be subject to federal or state laws protecting its confidentiality.

2.    **Patient's Name:** Barbara C. Connick        Date of Birth: 02/12/1962
        **Address:** c/o Howard I. Wilgoren
    (Street, City, State, Zip)  6 Beacon Street, Suite 700
        Boston, MA 02108

3.   **Information to be disclosed to the following individuals:**

INSERT ATTORNEY NAMES OR OTHER PARTIES WHO WILL BE PRIVY TO MEDICAL RECORDS

| Name & Address | | |
|---|---|---|
| Attorneys and agents from the law offices of:<br>Sonnenschein Nath & Rosenthal LLP<br>8000 Sears Tower<br>Chicago, IL 60606 | The United States District Court for the District of Massachusetts | Attorneys and agents from the law offices of:<br>Howard I. Wilgoren<br>Law Offices of Howard I. Wilgoren<br>6 Beacon Street, Suite 700<br>Boston, MA 02108 |

4.   **Relevant treatment dates:** January 1, 1994    to   The present date.

5.   **Records Sought (includes any documents *relating* to the following, including those related to treatment and referral):**

  **X**  Complete Records (Includes all categories on this page)

| | | | |
|---|---|---|---|
| ____ Outpatient Reports | ____ Consultations | ____ Physical Therapy | ____ Abstracts |
| ____ Discharge Summary | ____ Emergency Reports | ____ Face Sheets | ____ X-Rays |
| ____ HIV/AIDS | ____ Laboratory Documents | ____ Physical History | ____ Pathology Reports |
| ____ Social Worker | ____ Psychotherapy (Notes+) | ____ Childbirth | ____ Sexual Assault |
| ____ Genetic Testing | ____ Domestic Violence | ____ Other: Specify | |
| ____ Blood Alcohol | ____ Venereal Disease | | |

____ Drug/Alcohol Diagnosis (Type and amount of information to be disclosed (required by federal law):

6.   **The above information is disclosed for the following purposes:**

  ____ Medical Care  **X**  Legal  ____ Insurance  ____ Personal  ____ Other

7.   I (1) understand that if the entity receiving the information described above is not a health-care provider or affiliated with a health plan covered by federal privacy regulations, the information described above may be re-disclosed and no longer protected by these regulations or other applicable state or federal laws, (2) understand that I may revoke this authorization at any time, provided that I do so in writing to the above-referenced hospital or other medical provider, except to the extent that action has been taken in reliance on this authorization or during a contestability period under applicable law, and (3) authorize disclosure of my information via mail, e-mail, telephone, the internet, or electronic facsimile.
Check here _____

8.   This authorization expires on (upon) This authorization expires on the following date, if not revoked earlier (Insert applicable date or event)   Termination of Litigation

9.   a. _____   b. _____
       Signature of Patient or Legal Representative            Date

    c. _____   d. _____
       Printed Name of Patient or Patient's Legal      Relationship of Legal Rep. to Patient or Source of Legal
            Representative           Rep.'s Authority to Act on Behalf of Patient (if applicable)

**IMPORTANT:**
THIS AUTHORIZATION SHALL BE DEEMED <u>INVALID</u> UNLESS ALL NUMBERED ENTRIES (INCLUDING SUB-PARTS) ARE COMPLETED

**AUTHORIZATION TO USE OR DISCLOSE PROTECTED HEALTH INFORMATION**
**PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA)**

1. I hereby authorize

    Name of hospital/physician
    Kate Taylor, L.I.C.S.W.
    Nova Psychiatric Services
    1261 Furnace Brook Parkway, Suite 31
    Quincy, MA 02169

    (1) to use or disclose the following protectedhealth information from the medical records of the patient listed below, and (2) to answer at a deposition or trial any questions pertaining to such information. I understand that information used or disclosed pursuant to this authorization could be subject to re-disclosure by the recipient(s) and, if so, may not be subject to federal or state laws protecting its confidentiality.

2. **Patient's Name:** Barbara C. Connick          **Date of Birth:** 02/12/1962
    **Address:** c/o Howard I. Wilgoren
    (Street, City, State, Zip) 6 Beacon Street, Suite 700
    Boston, MA 02108

3. **Information to be disclosed to the following individuals:**
    INSERT ATTORNEY NAMES OR OTHER PARTIES WHO WILL BE PRIVY TO MEDICAL RECORDS

    | Name & Address | | |
    |---|---|---|
    | Attorneys and agents from the law offices of:<br>Sonnenschein Nath & Rosenthal LLP<br>8000 Sears Tower<br>Chicago, IL 60606 | The United States District Court for the District of Massachusetts | Attorneys and agents from the law offices of:<br>Howard I. Wilgoren<br>Law Offices of Howard I. Wilgoren<br>6 Beacon Street, Suite 700<br>Boston, MA 02108 |

4. **Relevant treatment dates:** January 1, 1994          to          The present date.

5. **Records Sought (includes any documents *relating* to the following, including those related to treatment and referral):**

    X    Complete Records (Includes all categories on this page)

    ___ Outpatient Reports        ___ Consultations           ___ Physical Therapy        ___ Abstracts

    ___ Discharge Summary       ___ Emergency Reports     ___ Face Sheets              ___ X-Rays

    ___ HIV/AIDS                    ___ Laboratory Documents  ___ Physical History         ___ Pathology Reports

    ___ Social Worker              ___ Psychotherapy (Notes+) ___ Childbirth                ___ Sexual Assault

    ___ Genetic Testing            ___ Domestic Violence       ___ Other: Specify

    ___ Blood Alcohol              ___ Venereal Disease

    ___ Drug/Alcohol Diagnosis (Type and amount of information to be disclosed (required by federal law):

6. **The above information is disclosed for the following purposes:**
    ___ Medical Care    X   Legal      ___ Insurance     ___ Personal     ___ Other

7. I (1) understand that if the entity receiving the information described above is not a health-care provider or affiliated with a health plan covered by federal privacy regulations, the information described above may be re-disclosed and no longer protected by these regulations or other applicable state or federal laws, (2) understand that I may revoke this authorization at any time, provided that I do so in writing to the above-referenced hospital or other medical provider, except to the extent that action has been taken in reliance on this authorization or during a contestability period under applicable law, and (3) authorize disclosure of my information via mail, e-mail, telephone, the internet, or electronic facsimile.
    Check here

8. This authorization expires on (upon) This authorization expires on the following date, if not revoked earlier(Insert applicable date or event)      Termination of Litigation

9.  a. _____          b. _____
        **Signature of Patient or Legal Representative**                    **Date**

    c. _____          d. _____
        **Printed Name of Patient or Patient's Legal**                 **Relationship of Legal Rep. to Patient or Source of Legal**
        **Representative**                                          **Rep.'s Authority to Act on Behalf of Patient (if applicable)**

**AUTHORIZATION TO USE OR DISCLOSE PROTECTED HEALTH INFORMATION
PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA)**

                Name of hospital/physician

1.    I hereby authorize     Dr. Colella
Nova Psychiatric Services
1261 Furnace Brook Parkway, Suite 31
Quincy, MA 02169

(1) to use or disclose the following protectedhealth information from the medical records of the patient listed below, and (2) to answer at a deposition or trial any questions pertaining to such information. I understand that information used or disclosed pursuant to this authorization could be subject to re-disclosure by the recipient(s) and, if so, may not be subject to federal or state laws protecting its confidentiality.

2.    **Patient's Name:**   Barbara C. Connick             Date of Birth:   02/12/1962
               **Address:**   c/o Howard I. Wilgoren
      (Street, City, State, Zip)   6 Beacon Street, Suite 700
                           Boston, MA 02108

3.    **Information to be disclosed to the following individuals:**
INSERT ATTORNEY NAMES OR OTHER PARTIES WHO WILL BE PRIVY TO MEDICAL RECORDS
Name & Address

| Attorneys and agents from the law offices of: | The United States District Court for the District of Massachusetts | Attorneys and agents from the law offices of: |
|---|---|---|
| Sonnenschein Nath & Rosenthal LLP<br>8000 Sears Tower<br>Chicago, IL 60606 | | Howard I. Wilgoren<br>Law Offices of Howard I. Wilgoren<br>6 Beacon Street, Suite 700<br>Boston, MA 02108 |

4.    **Relevant treatment dates:**   January 1, 1994       to    The present date.

5.    **Records Sought (includes any documents *relating* to the following, including those related to treatment and referral):**

    _X_  Complete Records (Includes all categories on this page)

| | | | |
|---|---|---|---|
| ___ Outpatient Reports | ___ Consultations | ___ Physical Therapy | ___ Abstracts |
| ___ Discharge Summary | ___ Emergency Reports | ___ Face Sheets | ___ X-Rays |
| ___ HIV/AIDS | ___ Laboratory Documents | ___ Physical History | ___ Pathology Reports |
| ___ Social Worker | ___ Psychotherapy (Notes+) | ___ Childbirth | ___ Sexual Assault |
| ___ Genetic Testing | ___ Domestic Violence | ___ Other: Specify | |
| ___ Blood Alcohol | ___ Venereal Disease | | |

    ___ Drug/Alcohol Diagnosis (Type and amount of information to be disclosed (required by federal law):

6.    **The above information is disclosed for the following purposes:**

    ___ Medical Care    _X_ Legal     ___ Insurance    ___ Personal    ___ Other

7.    I (1) understand that if the entity receiving the information described above is not a health-care provider or affiliated with a health plan covered by federal privacy regulations, the information described above may be re-disclosed and no longer protected by these regulations or other applicable state or federal laws, (2) understand that I may revoke this authorization at any time, provided that I do so in writing to the above-referenced hospital or other medical provider, except to the extent that action has been taken in reliance on this authorization or during a contestability period under applicable law, and (3) authorize disclosure of my information via mail, e-mail, telephone, the internet, or electronic facsimile.
Check here _____

8.    This authorization expires on (upon) This authorization expires on the following date, if not revoked earlier(Insert applicable date or event)    Termination of Litigation

9.    a. _____     b. _____
            **Signature of Patient or Legal Representative**               **Date**

     c. _____     d. _____
            **Printed Name of Patient or Patient's Legal Representative**        **Relationship of Legal Rep. to Patient or Source of Legal Rep.'s Authority to Act on Behalf of Patient (if applicable)**

**AUTHORIZATION TO USE OR DISCLOSE PROTECTED HEALTH INFORMATION
PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA)**

1.  I hereby authorize

    Name of hospital/physician
    CNA Disability Benefits Department
    Short Term/Long-Term Disability
    Claims File Management

    (1) to use or disclose the following protected health information from the medical records of the patient listed below, and (2) to answer at a deposition or trial any questions pertaining to such information.  I understand that information used or disclosed pursuant to this authorization could be subject to re-disclosure by the recipient(s) and, if so, may not be subject to federal or state laws protecting its confidentiality.

2.  **Patient's Name:** Barbara C. Connick        **Date of Birth:** 02/12/1962
    **Address:** c/o Howard I. Wilgoren
    (Street, City, State, Zip)   6 Beacon Street, Suite 700
    Boston, MA 02108

3.  **Information to be disclosed to the following individuals:**
    INSERT ATTORNEY NAMES OR OTHER PARTIES WHO WILL BE PRIVY TO MEDICAL RECORDS

    | Name & Address | | |
    |---|---|---|
    | Attorneys and agents from the law offices of: | The United States District Court for the District of Massachusetts | Attorneys and agents from the law offices of: |
    | Sonnenschein Nath & Rosenthal LLP 8000 Sears Tower Chicago, IL 60606 | | Howard I. Wilgoren Law Offices of Howard I. Wilgoren 6 Beacon Street, Suite 700 Boston, MA 02108 |

4.  **Relevant treatment dates:** January 1, 1994        to    The present date.

5.  **Records Sought (includes any documents _relating_ to the following, including those related to treatment and referral):**

    _X_  Complete Records (Includes all categories on this page)

    | | | | |
    |---|---|---|---|
    | ____ Outpatient Reports | ____ Consultations | ____ Physical Therapy | ____ Abstracts |
    | ____ Discharge Summary | ____ Emergency Reports | ____ Face Sheets | ____ X-Rays |
    | ____ HIV/AIDS | ____ Laboratory Documents | ____ Physical History | ____ Pathology Reports |
    | ____ Social Worker | ____ Psychotherapy (Notes+) | ____ Childbirth | ____ Sexual Assault |
    | ____ Genetic Testing | ____ Domestic Violence | ____ Other: Specify | |
    | ____ Blood Alcohol | ____ Venereal Disease | | |

    ____ Drug/Alcohol Diagnosis (Type and amount of information to be disclosed (required by federal law):

6.  **The above information is disclosed for the following purposes:**

    ____ Medical Care    _X_ Legal    ____ Insurance    ____ Personal    ____ Other

7.  I (1) understand that if the entity receiving the information described above is not a health-care provider or affiliated with a health plan covered by federal privacy regulations, the information described above may be re-disclosed and no longer protected by these regulations or other applicable state or federal laws, (2) understand that I may revoke this authorization at any time, provided that I do so in writing to the above-referenced hospital or other medical provider, except to the extent that action has been taken in reliance on this authorization or during a contestability period under applicable law, and (3) authorize disclosure of my information via mail, e-mail, telephone, the internet, or electronic facsimile.
    Check here _____

8.  This authorization expires on (upon) This authorization expires on
    the following date, if not revoked earlier(Insert applicable date or event)    Termination of Litigation

9.  a. _____    b. _____
    **Signature of Patient or Legal Representative**        **Date**

    c. _____    d. _____
    **Printed Name of Patient or Patient's Legal**        **Relationship of Legal Rep. to Patient or Source of Legal**
    **Representative**        **Rep.'s Authority to Act on Behalf of Patient (if applicable)**

    **IMPORTANT:**
    THIS AUTHORIZATION SHALL BE DEEMED <u>INVALID</u> UNLESS ALL NUMBERED ENTRIES (INCLUDING SUB-PARTS) ARE COMPLETED

**AUTHORIZATION TO USE OR DISCLOSE PROTECTED HEALTH INFORMATION**
**PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA)**

Name of hospital/physician
(social security disability income release)

1. I hereby authorize _____
   (1) to use or disclose the following protected health information from the medical records of the patient listed below, and (2) to answer at a deposition or trial any questions pertaining to such information. I understand that information used or disclosed pursuant to this authorization could be subject to re-disclosure by the recipient(s) and, if so, may not be subject to federal or state laws protecting its confidentiality.

2. **Patient's Name:** Barbara C. Connick                    Date of Birth: 02/12/1962
   **Address:** c/o Howard I. Wilgoren
   (Street, City, State, Zip)  6 Beacon Street, Suite 700
   Boston, MA 02108

3. **Information to be disclosed to the following individuals:**
   INSERT ATTORNEY NAMES OR OTHER PARTIES WHO WILL BE PRIVY TO MEDICAL RECORDS

| Name & Address | | |
|---|---|---|
| Attorneys and agents from the law offices of: Sonnenschein Nath & Rosenthal LLP 8000 Sears Tower Chicago, IL 60606 | The United States District Court for the District of Massachusetts | Attorneys and agents from the law offices of: Howard I. Wilgoren Law Offices of Howard I. Wilgoren 6 Beacon Street, Suite 700 Boston, MA 02108 |

4. **Relevant treatment dates:** January 1, 1994 _____ to ____ The present date.

5. **Records Sought (includes any documents *relating* to the following, including those related to treatment and referral):**

   X  Complete Records (Includes all categories on this page)

   ____ Outpatient Reports       ____ Consultations          ____ Physical Therapy       ____ Abstracts
   ____ Discharge Summary        ____ Emergency Reports       ____ Face Sheets            ____ X-Rays
   ____ HIV/AIDS                 ____ Laboratory Documents    ____ Physical History       ____ Pathology Reports
   ____ Social Worker            ____ Psychotherapy (Notes+)  ____ Childbirth             ____ Sexual Assault
   ____ Genetic Testing          ____ Domestic Violence       ____ Other: Specify _____
   ____ Blood Alcohol            ____ Venereal Disease

   ____ Drug/Alcohol Diagnosis (Type and amount of information to be disclosed (required by federal law): _____

6. **The above information is disclosed for the following purposes:**

   ____ Medical Care  X  Legal  ____ Insurance  ____ Personal  ____ Other

7. I (1) understand that if the entity receiving the information described above is not a health-care provider or affiliated with a health plan covered by federal privacy regulations, the information described above may be re-disclosed and no longer protected by these regulations or other applicable state or federal laws, (2) understand that I may revoke this authorization at any time, provided that I do so in writing to the above-referenced hospital or other medical provider, except to the extent that action has been taken in reliance on this authorization or during a contestability period under applicable law, and (3) authorize disclosure of my information via mail, e-mail, telephone, the internet, or electronic facsimile. Check here _____

8. This authorization expires on (upon) This authorization expires on the following date, if not revoked earlier(Insert applicable date or event)  Termination of Litigation _____

9. a. _____        b. _____
   **Signature of Patient or Legal Representative**              **Date**

   c. _____        d. _____
   **Printed Name of Patient or Patient's Legal**           **Relationship of Legal Rep. to Patient or Source of Legal**
   **Representative**                                        **Rep.'s Authority to Act on Behalf of Patient (if applicable)**



SONNENSCHEIN NATH & ROSENTHAL LLP

8000 Sears Tower
233 South Wacker Drive
Chicago, IL 60606
312.876.8000
312.876.7934 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

**Catherine Nasser**
312-876-7528
cnasser@sonnenschein.com

September 1, 2005

**VIA FEDERAL EXPRESS**

Mr. Howard I. Wilgoren
Law Office of Howard I. Wilgoren
6 Beacon Street, Suite 700
Boston, MA 02108

      Re:    Barbara Connick v. Continental Casualty Company

Dear Mr. Wilgoren:

      Enclosed please find the following documents in connection with the above-referenced matter:

      1.    Two additional medical releases to be signed by Ms. Connick and returned to the undersigned counsel as soon as possible.

      2.    Defendant's Requests to Barbara Connick for Admission.

      Sincerely,

      Catherine S. Nasser

cc:    J. Goldman
       D. Gruen

14457036

**AUTHORIZATION TO USE OR DISCLOSE PROTECTED HEALTH INFORMATION
PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA)**

Gil Peters
Nova Psychiatric Services, P.C.
1261 Furnace Brook Parkway
Quincy, MA  02169

1.   I hereby authorize _____ (1) to use or disclose the following protected

<u>Name of hospital/physician</u>

health information from the medical records of the patient listed below, and (2) to answer at a deposition or trial any questions pertaining to such information.  I understand that information used or disclosed pursuant to this authorization could be subject to re-disclosure by the recipient(s) and, if so, may not be subject to federal or state laws protecting its confidentiality.

2.   **Patient's Name:**   Barbara C. Connick                                   Date of Birth:   02/12/1962

         **Address:**   c/o Howard I. Wilgoren
     (Street, City, State, Zip)   6 Beacon Street, Suite 700
                                  Boston, MA  02108

3.   **Information to be disclosed to the following individuals:**
     INSERT ATTORNEY NAMES OR OTHER PARTIES WHO WILL BE PRIVY TO MEDICAL RECORDS

| Name & Address<br>Attorneys and agents from the law offices of:<br>Sonnenschein Nath & Rosenthal LLP<br>8000 Sears Tower<br>Chicago, IL  60606 | The United States District Court for the<br>District of Massachusetts | Attorneys and agents from the law<br>offices of:<br>Howard I. Wilgoren<br>Law Offices of Howard I. Wilgoren<br>6 Beacon Street, Suite 700<br>Boston, MA  01108 |
|---|---|---|

4.   **Relevant treatment dates:**   January 1, 1994                              to      The present date.

5.   **Records Sought (includes any documents *relating* to the following, including those related to treatment and referral):**

     __X__   Complete Records (Includes all categories on this page)

     _____  Outpatient Reports          _____  Consultations          _____  Physical Therapy          _____  Abstracts

     _____  Discharge Summary          _____  Emergency Reports          _____  Face Sheets          _____  X-Rays

     _____  HIV/AIDS          _____  Laboratory Documents          _____  Physical History          _____  Pathology Reports

     _____  Social Worker          _____  Psychotherapy (Notes+)          _____  Childbirth          _____  Sexual Assault

     _____  Genetic Testing          _____  Domestic Violence          _____  Other: Specify

     _____  Blood Alcohol          _____  Venereal Disease                              _____

     _____  Drug/Alcohol Diagnosis (Type and amount of information to be disclosed (required by federal law):

                                                                    _____

6.   **The above information is disclosed for the following purposes:**

     _____ Medical Care   __X__ Legal          _____ Insurance          _____ Personal          _____ Other

7.   I (1) understand that if the entity receiving the information described above is not a health-care provider or affiliated with a health plan covered by federal privacy regulations, the information described above may be re-disclosed and no longer protected by these regulations or other applicable state or federal laws, (2) understand that I may revoke this authorization at any time, provided that I do so in writing to the above-referenced hospital or other medical provider, except to the extent that action has been taken in reliance on this authorization or during a contestability period under applicable law, and (3) authorize disclosure of my information via mail, e-mail, telephone, the internet, or electronic facsimile.
     Check here _____

8.   This authorization expires on (upon) This authorization expires on
     the following date, if not revoked earlier(Insert applicable date or event)      Termination of Litigation
                                                                    _____

9.   a. _____        b. _____
           **Signature of Patient or Legal Representative**                              **Date**

     c. _____        d. _____
           **Printed Name of Patient or Patient's Legal**                 **Relationship of Legal Rep. to Patient or Source of Legal**
                         **Representative**                              **Rep.'s Authority to Act on Behalf of Patient (if applicable)**

**IMPORTANT:**
THIS AUTHORIZATION SHALL BE DEEMED <u>INVALID</u> UNLESS ALL NUMBERED ENTRIES (INCLUDING SUB-PARTS) ARE COMPLETED

2

**AUTHORIZATION TO USE OR DISCLOSE PROTECTED HEALTH INFORMATION
PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA)**

Gil Peters
Nova Psychiatric Services, P.C.
1261 Furnace Brook Parkway
Quincy, MA  02169

1.  I hereby authorize _____ (1) to use or disclose the following protected
        <span>Name of hospital/physician</span>
health information from the medical records of the patient listed below, and (2) to answer at a deposition or trial any questions
pertaining to such information.  I understand that information used or disclosed pursuant to this authorization could be subject
to re-disclosure by the recipient(s) and, if so, may not be subject to federal or state laws protecting its confidentiality.

2.  **Patient's Name:**  Barbara C. Connick _____     Date of Birth:  02/12/1962
        **Address:**  c/o Howard I. Wilgoren
    (Street, City, State, Zip)  6 Beacon Street, Suite 700
                     Boston, MA  02108

3.  **Information to be disclosed to the following individuals:**
    INSERT ATTORNEY NAMES OR OTHER PARTIES WHO WILL BE PRIVY TO MEDICAL RECORDS
    Name & Address

| Attorneys and agents from the law offices of: Sonnenschein Nath & Rosenthal LLP 8000 Sears Tower Chicago, IL  60606 | The United States District Court for the District of Massachusetts | Attorneys and agents from the law offices of: Howard I. Wilgoren Law Offices of Howard I. Wilgoren 6 Beacon Street, Suite 700 Boston, MA  01108 |
|---|---|---|

4.  **Relevant treatment dates:**  January 1, 1994 _____  to   The present date. _____

5.  **Records Sought (includes any documents *relating* to the following, including those related to treatment and referral):**

        X   Complete Records (Includes all categories on this page)

|  |  |  |  |
|---|---|---|---|
| ____ Outpatient Reports | ____ Consultations | ____ Physical Therapy | ____ Abstracts |
| ____ Discharge Summary | ____ Emergency Reports | ____ Face Sheets | ____ X-Rays |
| ____ HIV/AIDS | ____ Laboratory Documents | ____ Physical History | ____ Pathology Reports |
| ____ Social Worker | ____ Psychotherapy (Notes+) | ____ Childbirth | ____ Sexual Assault |
| ____ Genetic Testing | ____ Domestic Violence | ____ Other: Specify | |
| ____ Blood Alcohol | ____ Venereal Disease | | |

        ____ Drug/Alcohol Diagnosis (Type and amount of information to be disclosed (required by federal law):

6.  **The above information is disclosed for the following purposes:**

        ____ Medical Care   X  Legal   ____ Insurance   ____ Personal   ____ Other

7.  I (1) understand that if the entity receiving the information described above is not a health-care provider or affiliated with a
    health plan covered by federal privacy regulations, the information described above may be re-disclosed and no longer
    protected by these regulations or other applicable state or federal laws, (2) understand that I may revoke this authorization at
    any time, provided that I do so in writing to the above-referenced hospital or other medical provider, except to the extent that
    action has been taken in reliance on this authorization or during a contestability period under applicable law, and (3) authorize
    disclosure of my information via mail, e-mail, telephone, the internet, or electronic facsimile.
    Check here _____

8.  This authorization expires on (upon) This authorization expires on
    the following date, if not revoked earlier(Insert applicable date or event)   Termination of Litigation

9.  a. _____          b. _____
        **Signature of Patient or Legal Representative**                 **Date**

    c. _____          d. _____
        **Printed Name of Patient or Patient's Legal**                   **Relationship of Legal Rep. to Patient or Source of Legal**
        **Representative**                                               **Rep.'s Authority to Act on Behalf of Patient (if applicable)**

**IMPORTANT:**
**THIS AUTHORIZATION SHALL BE DEEMED INVALID UNLESS ALL NUMBERED ENTRIES (INCLUDING SUB-PARTS) ARE COMPLETED**

EXHIBIT 5

**Nasser, Catherine S.**

| | |
|---|---|
| **From:** | Nasser, Catherine S. |
| **Sent:** | Wednesday, September 21, 2005 3:10 PM |
| **To:** | 'hwilgoren@kahalaslaw.com'; 'hwilgoren@aol.com' |
| **Cc:** | Gruen, Dana B. |
| **Subject:** | Connick v. CNA |

Howard,

I am sending this e-mail in confirmation of our conversation yesterday, September 20, 2005, regarding Ms. Connick's responses to CNA's interrogatories and document requests and her execution of CNA's medical authorization forms.

As we discussed on August 29 and again yesterday, it is our position that the information requested dating from 1994 to the present is pertinent to CNA's defense of this matter and its potential designation of an expert.

In our conversation yesterday, you agreed to provide CNA with the information and documents requested, dating from 1994 to the present. This includes information and documentation relating to Ms. Connick's 1994/1995 leave from CNA.

Per your request, I have attached the medical releases that were sent to you on May 24, 2005, and the additional medical releases that were sent to you on September 1, 2005. (see below) In total, there are six releases.

Additionally, Ms. Connick's responses to the following interrogatories and document requests were limited to a post-1999 timeframe: Interrogatories 11, 12, 17 and 18 and Document Request No. 13. Please supplement these requests with information and documentation that dates back to 1994. This includes session and progress notes from Ms. Connick's treatment pre-1999 and post-2000.

The close of discovery in this matter is approaching. As these discovery requests and medical authorization forms have been outstanding for some time, we request that you provide us with the information requested herein as soon as possible. Specifically, we request that Ms. Connick execute and return the medical releases to me by September 28, and that Ms. Connick respond to the above-noted discovery requests by October 5.

Given the delay in producing the above-referenced information, we expect that you would not oppose a motion to extend the discovery deadline should one become necessary. Please advise if this is not the case.

Please contact me with any questions.

Catherine Nasser



Scanned document  Scanned document  Scanned document  Scanned document  Scanned document  Scanned document
 <1 page ~64 K...   <1 page ~62 K...   <1 page ~62 K...   <1 page ~61 K...   <2 pages ~65 ...   <2 pages ~67 ...

Catherine S. Nasser
cnasser@sonnenschein.com

S nnenschein Nath & Rosenthal LLP
8000 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
Direct 312-876-7528
FAX 312-876-7934

1