## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*

| | |
|---|---|
| **BARBARA CONNICK** | \* |
| | \* |
| **Plaintiff** | \* |
| | \* |
| **v.** | \* |
| | \* |
| | \* |
| **CONTINENTAL CASUALTY** | \* |
| **COMPANY** | \* |
| | \* |
| **Defendant** | \* |
| | \* |

**CIVIL ACTION NO.**

**04-12208-WGY**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

Plaintiff Barbara Connick ("Connick" by her undersigned attorney, respectfully prays that this Honorable Court deny the Motion of Defendant Continental Casualty Company ("CNA") to Compel Connick to respond to certain interrogatories and document requests it propounded in the captioned matter. Connick further objects to the attempt of defendant to require her to execute medical authorizations sent to her by the defendant. As grounds for this opposition it is respectfully submitted that the information sought by defendant is overbroad both in terms of the scope of information requested as well as in the durational time period of the requested information.

The gravamen of the captioned matter is a claim for a race based hostile work environment that prohibited Ms. Connick from working from September 1999 to the present. As a result of that claim of a hostile work environment based on race Ms. Connick also alleges that she has suffered and continues to suffer

from severe emotional distress. Ms. Connick does not object to providing relevant information pertaining to the emotional distress she has suffered and continues to suffer from as a result of the discriminatory conduct of defendant. What Ms. Connick does object to providing however is information that is remote in time to the unlawful conduct and other medical information that is entirely irrelevant to the claim for emotional distress.

Defendant seeks information pertaining to a leave of absence Ms. Connick took in 1994 (Interrogatory No 17, 18) and pertaining to her physical and mental health from 1994 to the present (Interrogatory No. 11, 12, Document Request No. 13 and 6 authorization releases directed to providers of physical and mental health services to Ms. Connick from 1994 to the present time.)[1]

The "Authorization to Use or Disclose Protected Health Information" forms which defendant wishes to have Ms. Connick execute seek all encompassing records pertaining to her medical history from six providers  of medical and mental health treatment. The forms seek information that is clearly irrelevant to the instant action and is a gross invasion of Ms. Connick's privacy rights. Examples of such information irrelevant information requested by defendant range from "Compete records (Included all categories on this  page)" including *inter alia,* all records pertaining to "HIV/AIDS," "Genetic Testing," "X – Rays," "Childbirth,"  "Domestic Violence," "Venereal Disease," "Childbirth," and "Sexual

---

[1] The undersigned did agree to provide certain information pertaining to Ms. Connick's mental health as set forth in the motion to compel.  However, after further reflection Ms. Connick believes that the scope of the information sought as well as the time frame is unreasonable and has directed counsel to

Assault." Clearly complete records pertaining to the foregoing are not remotely relevant to any issue raised by the instant action.

Contrary to defendant's assertion in its motion to compel, Ms. Connick's action in opposing disclosure of records not pertaining to her claim for emotional distress is not done for the purpose of delay. Rather, Ms. Connick is legitimately seeking to limit disclosure to information that is relevant to her claim for emotional distress emanating from the discriminatory conduct of defendant on and after September 1999. There is simply no need for defendant to invade Ms. Connick's privacy to a larger extent than in necessary. Having records pertaining to Ms. Connick's treatment for emotional distress from September 1999 to the present more than adequately protects defendant's ability to defend this action.[2]

There is simply no need for the records from an incident occurring in 1994 more than five years prior to the alleged discrimination in this case. Defendant is certainly entitled to try to establish that the emotional distress is caused by something other than its own discriminatory conduct. Disclosure of the records of Ms. Connick's treating mental health professionals from 1999 to the present more than adequately meets defendant's need in this regard. Certainly if the cause of Ms. Connick's emotional distress at that time will be more than adequately disclosed in those records. Any prior mental health disorder upon which defendant wishes to rely will be reflected in these records. Such records as

---

[2] Defendant makes much of the fact that Ms. Connick was taking Xanax in October 1999 as supporting its need for records going back to 1994. (Motion to Compel, at p. 2) However, it is apparent that this drug was prescribed as a result of the emotional distress underlying the instant claim.

defendant concedes (Motion to Compel at p. 7) will contain a complete medical history.[3]

Defendant contends that records going back to 1994 are also necessary to determine credibility. In making this argument defendant suggests that Ms. Connick's leave in 1994 and 1999 make remarkably similar allegations particularly fear for her safety.  Defendant suggests that the 1994 records whether Ms. Connick has been treated for "psychiatric symptom, which, for example, might cause her to overstate incidents with her co workers. This is nothing more than wild speculation and an effort by defendant to engage in a fishing expedition. The record is clear that Ms. Connick returned to work after the 1994 incident which was not related to race discrimination at all. Moreover, the fact is that Ms. Connick did return to work and worked without incident until very real threats to her safety were made based on racial animus which defendant has previously recognized.

---

[3] Ms. Connick concedes that mental health records, if any exist, going back to June 1999 are relevant.

WHEREFORE, Barbara Connick respectfully requests that this Honorable court deny defendant's Motion to Compel. In the alternative, Ms. Connick requests that any disclosure be limited to records of Ms. Connick's mental health providers only pertaining to her treatment of emotional distress from June 1999 to the present.

Respectfully submitted,
BARBARA CONNICK

By her Attorney,


s/Howard I. Wilgoren
HOWARD I WILGOREN
6 Beacon Street, Suite 700
Boston, MA 02108
(617) 523 – 5233
BBO No. 527840


DATED: October 17, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served

upon defendant by mailing a copy of same by first class mail, postage prepaid to:

Catherine S. Nasser
Sonnenschein Nath & Rosenthal, LLP
800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606

s/Howard I. Wilgoren
HOWARD I WILGOREN

Dated; October 17, 2005