## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**                                                       **SUPERIOR COURT**
                                                                          **C.A. NO.: 05-2259**

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA (FORMERLY
KNOWN AS THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS)
INDIVIDUALLY AND A/S/O DACON CORPORATION
AND A/S/O CONDYNE VENTURES, LLC.,
     Plaintiff
v.

GENESIS INDEMNITY INSURANCE COMPANY
and TIG INSURANCE COMPANY,
     Defendants

FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX
JUN 2 8 2005
Edward J. Sullivan
CLERK

### COMPLAINT

### PARTIES

1. The Plaintiff, Travelers Property Casualty Company of America (formerly known as The Travelers Indemnity Company of Illinois) is a corporation duly organized under the laws of the State of Connecticut with its principal place of business at One Tower Square, Hartford, Connecticut 06183 (hereafter referred to as "Travelers").

2. The Defendant, Genesis Indemnity Insurance Company, is a duly organized corporation incorporated under the laws of the State of North Dakota with its principal place of business at 695 East Main Street, Stamford, Connecticut and with administrative offices located at Financial Centre, P.O. Box 10350, Stamford, Connecticut (hereafter referred to as "Genesis"). Genesis is an approved surplus lines insurance company approved by the Massachusetts Division of Insurance to provide insurance coverage to insureds located in the Commonwealth of Massachusetts pursuant to Mass. Gen. Laws c. 175 §168.

3. TIG Insurance Company is a corporation duly organized under the laws of the State of California with a principal place of business at 5205 N. O'Connor Boulevard, Irving, Texas and with administrative offices located at 250 Commercial Street, Suite 5000, Manchester, New Hampshire 03101.

4. The Court has jurisdiction over the defendants pursuant to the provisions of Mass. Gen. Laws c. 223A, including but not limited to M.G.L. c. 223A §3(f).

```
8452E000006/28/05CIVIL          240.00
8452E000006/28/05SUR CHARGE      15.00
8452E000006/28/05SEC             20.00
```

1

## FACTS

5.  Travelers issued a policy of general liability insurance to Dacon Corporation, a Massachusetts corporation with its principal place of business at 16 Huron Drive, Natick, Massachusetts 01760 (hereafter referred to as "Dacon"), Policy No. DTJCO210R3260, effective from April 1, 2000 to April 1, 2001 pursuant to which Travelers has been defending Dacon and Condyne Ventures, LLC ("Condyne") in a personal injury action brought by one Michael Martin *et alii* in the Commonwealth of Massachusetts, Bristol County Superior Court, Civil Action No. BRCV2002-00168 (hereafter referred to as the "Martin action" or the "Martin claim"), an action for personal injuries that allegedly occurred on January 3, 2001.

6.  The Travelers policy covering Dacon contains a subrogation provision pursuant to which Travelers is subrogated to Dacon's rights against other entities, including the rights to insurance coverage from other insurers relative to defense and indemnification with respect to the Martin claim.

7.  Genesis issued a policy of commercial general liability insurance to Environmental Fire Protection, Inc. (hereafter referred to as "EFP"), 249 Cedar Hill Street, Marlboro, Massachusetts with effective dates of December 5, 2000 to December 5, 2001 (hereafter referred to as the "Genesis policy").

8.  TIG Insurance Company issued a policy of Excess Liability insurance to EFP with effective dates from December 5, 2000 to December 5, 2001 (hereafter referred to as the "TIG policy").

9.  Dacon Corporation was retained by Condyne Ventures, LLC ("Condyne"), the owner of a commercial property in Taunton, Massachusetts, to construct an addition to an existing freezer storage building on the property.

10. Dacon subcontracted with EFP to provide a fire suppression system in the addition Dacon was building for Condyne. A true copy of the Dacon-EFP subcontract is attached hereto as Exhibit "A".

11. EFP in turn subcontracted a portion of its work for Dacon to Michael Martin's employer, SJV Electric ("SJV").

12. At the time of the accident at issue in the Martin action, January 3, 2001, Michael Martin, was engaged in work that fell within the scope of SJV's work for EFP which in turn constituted part of the work that EFP had contracted to perform for Dacon.

13. The Dacon-EFP subcontract required EFP to have Dacon and Condyne named as additional insureds on EFP's liability insurance policies.

14. The Genesis policy contained a blanket additional insured endorsement providing as follows:

> WHO IS AN INSURED (Section II) provision of the Policy is amended to include as an insured any person or organization (called "additional insured") to whom you are obligated by valid written contract to provide such coverage, but only with respect to liability for "bodily injury" or "property damage" arising solely out of "your work" on behalf of said additional insured for which coverage is provided by this policy.

15. Upon information and belief, the TIG policy contained terms (or incorporated terms from the Genesis policy) by which Dacon and Condyne qualified as additional insureds on the TIG policy to the same extent as Dacon and Condyne each qualified for additional insured status under the Genesis policy.

## COUNT I (DECLARATORY JUDGMENT)

16. Travelers repeats and incorporates herein by reference the allegations contained in Paragraphs 1 through 15, above.

17. Dacon and Condyne qualify as additional insureds under both the Genesis policy and the TIG policy and Dacon and Condyne are entitled to be defended by Genesis in connection with the Martin action and to be indemnified by Genesis (and to the extent any judgment or settlement reaches the limits of the TIG policy, by TIG) for any judgment, settlement or award in favor of the plaintiffs in the Martin action.

**WHEREFORE**, the plaintiff, Travelers Property Casualty Company of America (formerly known as The Travelers Indemnity Company of Illinois) demands judgment against Genesis Indemnity Insurance Company and TIG Insurance Company in the form a declaration that:

A) Dacon and Condyne are entitled to coverage as an additional insureds in connection with the Martin action under both the Genesis policy and the TIG policy issued to EFP;

B) Genesis shall immediately assume the defense of Dacon and Condyne in the Martin action and shall reimburse Travelers for all attorneys' fees and costs incurred by Travelers in defending Dacon and Condyne up to, and including, the date on which Genesis assumes the defense of Dacon and Condyne;

C) Genesis (and to the extent any judgment or settlement reaches the limits of the TIG policy, TIG) shall be obligated to indemnify Dacon and Condyne for any

Case 1:04-cv-12208-WGY   Document 22-6   Filed 11/29/2005   Page 4 of 5

judgment or reasonable settlement that may be awarded to the plaintiffs in the Martin action in accordance with the terms of the Genesis and TIG policies.

D) Genesis shall reimburse Travelers for its reasonable attorneys fees incurred in the prosecution of the instant action;

E) Such other relief as the Court deems meet and just.

### COUNT II   (LEGAL AND EQUITABLE SUBROGATION)

18. The Plaintiff repeats and incorporates herein by reference the allegations contained in Paragraphs 1 through 17, above.

19. Travelers has subsidized the defense of Dacon and Condyne in connection with the Martin action.

20. Genesis should have provided primary insurance coverage and a full defense to Dacon and Condyne as additional insureds under the Genesis policy.

21. Travelers has paid and continues to pay defense costs incurred on behalf of Dacon and Condyne in connection with the Martin that rightfully should have been (and should continue to be) paid by Genesis.

**WHEREFORE**, Travelers demands judgment against Genesis for reimbursement of the full amount of defense costs, including reasonable attorneys' fees, expended to date in the defense of Dacon and Condyne in the Martin action, plus costs and interest.

### COUNT III   (EQUITABLE CONTRIBUTION)

22. The Plaintiff repeats and incorporates herein by reference the allegations contained in Paragraphs 1 through 21, above.

23. Travelers has paid more than its rightful share of the costs of defending Dacon and Condyne in the Martin action and is therefore entitled to reimbursement of an equitable share of such costs from Genesis as to all such defense costs incurred to date and continuing to the date judgment enters in this action.

**WHEREFORE**, Travelers demands judgment against Genesis for reimbursement of an equitable share of the defense costs, including reasonable attorneys' fees, expended to date in the defense of Dacon and Condyne in the Martin action, plus costs and interest.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES SO TRIABLE.**

4

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA (FORMERLY
KNOWN AS THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS)
INDIVIDUALLY AND A/S/O DACON
CORPORATION AND A/S/O CONDYNE
VENTURES, LLC,
By its Attorney,

_____
Richard J. Riley, BBO# 420510
MURPHY & RILEY, P.C.
141 Tremont Street
Boston, MA 02111
(617) 423-3700

Dated: June 28, 2005