UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA CONNICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-12208-WGY |
| ) | |
| CONTINENTAL CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION FOR RULE TO SHOW CAUSE WHY DR. RAYMOND COLELLA SHOULD NOT BE HELD IN CONTEMPT AND FOR AN ORDER COMPELLING HIS COMPLIANCE WITH DEFENDANT'S SUBPOENA WITHIN 10 DAYS

Continental Casualty Company ("Defendant" or "CNA"), by its attorneys, Sonnenschein Nath & Rosenthal LLP, hereby moves this Court for a rule to show cause why third party Dr. Raymond Colella ("Colella"), should not be held in contempt for failing to comply with a subpoena for records served upon him on October 20, 2005. In addition, Defendant moves this Court for an Order compelling Colella's compliance within 10 days. In support of this Motion, CNA states:

### INTRODUCTION AND FACTUAL BACKGROUND

1. This case involves a racially hostile work environment claim that allegedly resulted in psychological injuries to the plaintiff, Barbara Connick ("Connick"). Colella treats or treated Connick's alleged mental suffering during the relevant time period. Colella is currently affiliated with Nova Psychiatric Services ("Nova"), located in Quincy, Massachusetts.

2. In accordance with Rule 45 of the Federal Rules of Civil Procedure, on October 20, 2005, CNA served Colella with a Notice of Deposition to take place on November 16, 2005. In conjunction therewith, CNA attached a rider (titled "Schedule A") containing requests for the

production of certain documents directly relating to the issues of this litigation, namely Colella's treatment of Connick. *See* Notice of Deposition and rider, attached hereto as Exhibit A.

3.   On October 25, 2005, CNA's counsel sent a letter via Federal Express to Colella. *See* October 25 letter, attached hereto as Exhibit B. The letter reiterated the directions for producing documents and requested that Colella contact CNA's counsel to schedule a mutually advantageous deposition time and date. This letter also included the signed medical releases, per this Court's October 19, 2005 Order, commanding Ms. Connick to execute such releases. Colella did not respond to this letter.

4.   On November 14, 2005, CNA's counsel sent a second letter via Federal Express to Colella. *See* November 14 letter, attached hereto as Exhibit C. Again, this letter explained the procedure for producing documents and requested that Colella contact CNA's counsel. Colella did not respond to this letter.

5.   On November 16, 2005, the date stated in the subpoena, no documents were produced by Colella. Further, no attempt was made to contact CNA's counsel.

6.   On November 29, 2005, CNA's counsel left a voice message for Colella on his Nova message service. The voice message restated Colella's responsibilities under the subpoena, and requested that he contact CNA's counsel immediately. The call was not returned.

7.   On December 1, 2005, CNA's counsel sent a third letter via Federal Express in a final attempt to solicit the cooperation of Colella. *See* December 1 letter, attached hereto as Exhibit D. To date, CNA has received no response.

## ARGUMENT

8.   CNA's Motion For Rule to Show Cause and to Compel should be granted. Federal Rule of Civil Procedure 45(e) states:

> Failure by ***any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of***

> *the court* from which the subpoena was issued. An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within [100 miles from the place where that person resides, is employed or regularly transacts business in person.] (emphasis added)

Here, CNA requested that Colella produce the responsive documents at Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210-1181, approximately nine (9) miles from his place of employment, Nova, located at 1261 Furnace Brook Parkway Suite 31, Quincy, MA 02169. *See* Mapquest Driving Directions, attached hereto as Exhibit E.

9.  CNA permitted Colella ample time -- 28 days -- to produce the responsive documents.

10. Moreover, on October 25, 2005 and November 14, 2005, CNA's counsel mailed reminder letters via Federal Express to Colella, describing the procedure for producing documents and requesting that Colella contact CNA's counsel. On November 29, 2005, CNA's counsel left a voice message on Nova's personal message service for Colella, requesting him to immediately contact CNA's counsel regarding the subpoena in issue. Finally, on December 1, 2005, CNA's counsel sent a letter via Federal Express to Colella in a final attempt to solicit his cooperation. CNA received no response.

## CONCLUSION

In sum, the documents sought in CNA's subpoena rider to Colella was sought to be delivered well within the 100 mile designation of Federal Rules of Civil Procedure 45(c)(3)(A)(ii). Moreover, CNA allowed more than a reasonable time frame -- almost one month -- for compliance. CNA mailed reminder and follow-up letters and even left Colella a personal voice message. Colella has not responded in any form. The documents possessed by

Colella are extremely pertinent to the underlying issues of this matter, as well as to the issue of damages.

WHEREFORE, CNA respectfully requests that this Honorable Court grant its Motion For Rule To Show Cause Why Dr. Raymond Colella Should Not Be Held In Contempt and for an Order Compelling His Compliance Within 10 Days.

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to LR 7.1(A)(2), CNA's undersigned counsel hereby certifies that prior to filing this Motion CNA's counsel conferred with plaintiff's counsel and attempted in good faith, but without success, to resolve the matters in issue.

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____
One of the attorneys for Defendant
Continental Casualty Company

Jeffrey S. Goldman
Dana B. Gruen
Catherine S. Nasser
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 S. Wacker Dr.
Chicago, Illinois 60606
(312) 876-8000
(312) 876-7934 (facsimile)

Scott Douglas Burke
Lynne McNeill
Morrison Mahoney LLP
250 Summer Street
Boston, Massachusetts 02210
(617) 439-7500
(617) 969-8737 (facsimile)

December 9, 2005

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 12-9-05

electronic filing
Dr Dr. Colella
by mail